# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 02-cv-02193-REB-CBS

DANA DEROCK, on behalf of herself and on behalf of her minor children
JOSHUA DEROCK and CHRIS DROCK;
M.D., a minor, by her next friend and guardian VERONA DEROCK;
B.D., a minor, by her next friend and guardian VERONA DEROCK,

     Plaintiffs,

v.

CRICKET CATES in her individual capacity,

     Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**Blackburn, J.**

The matter before me is defendant's **Motion to Dismiss** [#98], filed May 19, 2006. I grant the motion.

## I. JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 (federal question) and 1343(a)(4) (violation of civil rights).

## II. STANDARD OF REVIEW

When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6),[1] I must determine whether the allegations set forth in the complaint, if true, are sufficient to

---

[1] Although defendant's assertion of qualified immunity concerns the court's subject matter jurisdiction and, thus, should be analyzed under Rule 12(b)(1), because defendant's motion poses a facial, as opposed to a factual, attack on the allegations of the complaint, the relevant standard is the same. *See* ***E.F.W. v. St. Stephen's Indian High School***, 264 F.3d 1297, 1303 (10th Cir. 2001) ("Accepting the complaint's allegations as true, we consider whether the complaint, standing alone, is legally sufficient to state a claim upon which relief can be granted.").

state a claim within the meaning of Fed.R.Civ.P. 8(a). I must accept all well-pleaded allegations of the complaint as true. *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993); *see also Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), *cert. denied*, 123 S.Ct. 1908 (2003). Thus, Rule 12(b)(6) requires dismissal if, taking all well-pleaded facts as true and construing them in the light most favorable to plaintiffs, it is clear that they can prove no set of facts entitling them to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Rocky Mountain Helicopters, Inc., v. Bell Helicopter Textron, Inc.*, 24 F.3d 125, 128 (10th Cir. 1994).

### III.  ANALYSIS

Linn DeRock ("Linn") is a prisoner serving a fourteen year sentence in the Colorado Department of Corrections ("CDOC"). On July 29, 2001, Linn's mother, Verona DeRock, and his two nieces, plaintiffs M.D. and B.D., came to visit him at the Buena Vista Correctional Facility. During the visit, defendant Cricket Cates, a correctional officer, observed Linn touching one of the girl's genitals. Following a prison disciplinary hearing, Linn was found guilty and required to participate in the Sex Offender Treatment Program ("SOTP"). Linn has been unable to progress through the SOTP because he refuses to admit to any sexual misconduct. As a result, he is currently prohibited from having visitation with minors, including his wife and two sons, plaintiffs Dana, Joshua, and Chris DeRock.

By their original complaint, plaintiffs brought three claims against the CDOC and Cates. I previously dismissed all plaintiffs' claims against the CDOC, as well as their claims for damages against Cates in her official capacity. Pursuant to that order, Linn and the CDOC were dropped as parties to this action. I subsequently ordered further briefing on the remaining claims. Finding that the relief requested by plaintiffs necessarily implicated the validity of Linn's disciplinary conviction, I found plaintiffs' claims barred under the doctrine of **Edwards v. Balisok**, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), and **Heck v. Humphrey**, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). (**See** Order Granting Defendant's Motion for Summary Judgment [#60], filed February 5, 2004.)

Plaintiffs subsequently appealed that decision to the Tenth Circuit. The appellate court, finding my summary judgment order ambiguous, issued an order to show cause why the case should not be dismissed for failure to obtain a final appealable order. Plaintiffs did not timely respond to that order, and the appeal was dismissed. Some eight months later, plaintiffs sought to revive this litigation and file an amended complaint. Plaintiffs since have been granted leave to file a second amended complaint, which asserts claims for violation of plaintiffs' procedural due process rights in connection with the prison disciplinary proceeding and for interference with plaintiffs' rights to association and family integrity. Because I find that plaintiffs have no such rights, I grant the motion to dismiss.[2]

Plaintiffs' claim that they were denied procedural due process in connection with Linn's disciplinary hearing begs the question whether they were entitled to any such

---

[2] My resolution of the motion on this basis pretermits consideration of defendant's alternative argument that plaintiffs' claims are barred under the **Heck** doctrine.

process in the first instance. To be entitled to due process, a party must suffer a deprivation of a liberty or property interest protected by the Fourteenth Amendment. ***Board of Regents v. Roth***, 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972); ***see also Rector v. City and County of Denver***, 348 F.3d 935, 943 -944 (10th Cir. 2003) ("Unless a person asserts some basis for contesting a governmental deprivation of life, liberty, or property, he is not injured by defective procedures he has no occasion to invoke."). Although the range of protected liberty interests is broad,[3] ***see Meyer v. Nebraska***, 262 U.S. 390, 399, 43 S.Ct. 625, 626, 676 L.Ed. 1042 (1923), it "is not infinite," ***Roth***, 92 S.Ct. at 2705. Plaintiffs have identified no case, and I have found none, suggesting that a person has a liberty interest in appearing as a witness or presenting testimony on behalf of a third party before any type of tribunal.[4] In the absence of any such interest, plaintiffs have no constitutionally protected right to procedural due process.

Plaintiffs' claimed violation of their rights of association and family integrity, whether analyzed under the First or the Fourteenth Amendment,[5] fares no better. Although plaintiffs, as private citizens, enjoy the full range of these rights, because their claim implicates their association with a prisoner, their rights are necessarily co-extensive with his. ***See Thornburgh v. Abbott***, 490 U.S. 401, 407 & 410 n.9, 109

---

[3] It does not appear that plaintiffs could make any viable argument that they have been deprived of property in violation of the Fourteenth Amendment.

[4] Although Linn had liberty interests in connection with the prison disciplinary proceeding, and specifically a right, albeit restricted, to call witnesses, ***see Wolff v. McDonnell***, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974), plaintiffs allege nothing to suggest that they have standing to assert those rights on Linn's behalf, ***see Warth v. Seldin***, 422 U.S. 490, 499, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975).

[5] Although the second amended complaint suggests that plaintiffs' second claim for relief arises under the Fourteenth Amendment, plaintiffs also invoke their First Amendment rights of association in response to the motion to dismiss.

S.Ct. 1874, 1878 & 1880 n.9, 104 L.Ed.2d 459 (1989); **Smith v. Matthews**, 793 F.Supp. 998, 1000 (D. Kan. 1992) ("Incarceration is one of those situations where third party rights must fall with the lawful loss of the correlative right.") (citation and internal quotation marks omitted).  "Acknowledging the expertise of [prison] officials and that the judiciary is 'ill equipped' to deal with the difficult and delicate problems of prison management, this Court has afforded considerable deference to the determinations of prison administrators who, in the interest of security, regulate the relations between prisoners and the outside world." **Thornburgh**, 109 S.Ct. at 1878-79.  Even when prison regulations implicate the rights of outsiders, **see id.** at 1880 n.9, they will be upheld so long as they are "reasonably related to legitimate penological interests," **Turner v. Safley**, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261, 96 L.Ed.2d 64 (1987).  The Supreme Court has identified four factors that are relevant in making this determination:

> whether the regulation has a "'valid, rational connection'" to a legitimate governmental interest; whether alternative means are open to inmates to exercise the asserted right; what impact an accommodation of the right would have on guards and inmates and prison resources; and whether there are "ready alternatives" to the regulation.

**Overton v. Bazzetta**, 539 U.S. 126, 132, 123 S.Ct. 2162, 2168, 156 L.Ed.2 162 (2003) (citing **Turner**, 107 S.Ct. at 2262).

Analyzing these factors, the Supreme Court previously has upheld prison regulations restricting contact visits generally, **see Thornburgh**, 104 S.Ct. at 3232-34, and visitation from children specifically, **Overton**, 123 S.Ct. at 2168-70.  The Tenth Circuit also has upheld regulations preventing convicted sex offenders from having any visitation from minors, including the prisoner's own children.  **See Wirsching v. Colorado**, 360 F.3d 1191, 1199-1201 (10th Cir. 2004).  Under these precedents, it is

5

beyond peradventure that the protection of children and the rehabilitation of sex offenders are legitimate penological interests. **Overton**, 123 S.Ct. at 2168; **Wirsching**, 360 F.3d at 1200.  Plaintiffs admit that they are able to contact Linn via telephone and by letter, alternatives that have been found adequate to satisfy the second prong of the **Turner** analysis. **Wirsching**, 360 F.3d at 1200-01.  Finally, although plaintiffs in their response posit the existence of accommodations that they suggest would have minimal impact on prison security and resources, the second amended complaint contains no allegations regarding these matters.  Accordingly, I find that plaintiffs' second amended complaint fails to state a viable claim for violation of their rights to association and family integrity.

My resolution of defendant's substantive 12(b)(6) arguments also entitles her to qualified immunity from plaintiffs' claims.  Government officials are immune from civil liability unless their actions violate "clearly established statutory or constitutional rights of which a reasonable person would have known." **Harlow v. Fitzgerald**, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); **see also Herring v. Keenan**, 218 F.3d 1171, 1175 (10th Cir. 2000), **cert. denied**, 122 S.Ct. 96 (2001).  To overcome this immunity, plaintiffs must establish both that defendant violated their rights under federal law and that such rights were clearly established at the time of the violation. **Greene v. Barrett**, 174 F.3d 1136, 1142 (10th Cir. 1999).  Plaintiffs' inability to prove a constitutional violation in the first instance dooms their ability to overcome the first of these hurdles. **See Siegert v. Gilley**, 500 U.S. 226, 232, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991).

### IV. CONCLUSION

Plaintiffs have failed to state viable claims for the alleged violation of their

6

constitutional rights to procedural due process, freedom of association, or family integrity. Defendant is entitled to qualified immunity from these claims.

**THEREFORE, IT IS ORDERED** as follows:

1. That defendant's **Motion to Dismiss** [#98], filed May 19, 2006, is **GRANTED**;

2. That plaintiffs' claims are **DISMISSED WITH PREJUDICE**;

3. That judgment **SHALL ENTER** in favor of defendant, Cricket Cates, and against plaintiffs Dana DeRock, on behalf of herself and on behalf of her minor children, Joshua DeRock and Chris DeRock, M.D., a minor, by her next friend and guardian Verona DeRock, and B.D., a minor, by her next friend and guardian Verona DeRock;

4. That the Trial Preparation Conference, currently scheduled for April 13, 2007, at 10:00 a.m., as well as the trial, currently scheduled to commence on April 30, 2007, are **VACATED**; and

5. That defendant is **AWARDED** her costs, to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.Colo.LCivR. 54.1.

Dated October 12, 2006, at Denver, Colorado.

                                      **BY THE COURT:**

                                      **s/ Robert E. Blackburn**
                                      **Robert E. Blackburn**
                                      **United States District Judge**